# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLAN WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LESSORS, INC. ) | |
| Serve: ) | |
| James R. Shapira, Registered Agent ) | |
| 1056 Gemini Road ) | |
| Eagan, MN 55121, ) | |
| ) | |
| CRESTON TRANSPORTATION, INC. ) | |
| Serve: ) | Case No. |
| William Oeltjen ) | |
| First and Pine Streets ) | DEMAND FOR JURY TRIAL |
| PO Box 41 ) | |
| Creston, NE 68631, ) | |
| ) | |
| ABDULLAHI BARRE HABEEB ) | |
| Serve: ) | |
| 4328 Chicago Avenue ) | |
| Minneapolis, MN 55407, ) | |
| ) | |
| and ) | |
| ) | |
| BRYAN J. MORTON ) | |
| Serve: ) | |
| 7353 Canton Road ) | |
| Lincoln, NE 68516 ) | |
| ) | |
| Defendants. ) | |

## CIVIL COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Tylan Washington, by and through counsel of record, and for his cause of action against Defendants hereby states and alleges as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Tylan Washington is a resident of Columbus, Franklin County, Ohio.

1

2. Defendant Lessors Inc. ("Lessors") is a is a domestic corporation engaged in interstate commerce as a motor carrier and authorized to do business in the State of Kansas. The registered agent for service of process is: James R. Shapira, Registered Agent, 1056 Gemini Road, Eagan, MN 55121.

3. Creston Transportation, Inc. ("Creston") is a domestic corporation engaged in interstate commerce as a motor carrier and authorized to do business in the State of Kansas. The registered agent for service of process is: William Oeltjen, Registered Agent, First and Prine Streets, Creston, NE 68631.

4. Abdullahi Barre Habeeb ("Habeeb") is a resident of Minneapolis, Hennepin County, Kansas who at all times material hereto was the agent, servant and employee of Lessors, Inc. and was under and subject to the control of Lessors, Inc. at the time of the events which form the basis of this action.

5. Bryan J. Morton ("Morton") is a resident of Lincoln, Lancaster County, Nebraska who at all times material hereto was the agent, servant and employee of Creston Transportation, Inc. and was under and subject to the control of Creston Transportation, Inc. at the time of the events which form the basis of this action.

6. Defendants Lessors and Creston at all times material hereto are "motor carrier(s)" and "employer(s)" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390 *et seq*.

7. Defendant Lessors is registered as a motor carrier with the United States Department of Transportation, USDOT# 3428935.

8. Defendant Creston is registered as a motor carrier with the United States Department of Transportation, USDOT# 351276.

9. Complete diversity of citizenship exists between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

10. Jurisdiction and venue are proper with this Court.

11. On or about December 15, 2021, Plaintiff was the driver of a 2015 Mitsubishi Lancer, VIN JA32U2FU9FU014935 (hereinafter "vehicle') westbound on U.S. 54 Highway in Meade County, Kansas.

12. At that same time and date, Defendant Habeeb was also operating a red 2020 Freightliner semi-trailer truck, VIN: 3AKJHHDR4LSLM9652 (hereinafter "Freightliner") westbound on U.S. 54 Highway in front of Plaintiff's vehicle.

13. Defendant Habeeb was hooked to and transporting a semi-trailer VIN: 3H3V532C7LR444760 (hereinafter "Trailer") for Amazon.

14. At the same time and date, Defendant Morton was operating a 2021 Peterbilt semi-trailer truck, VIN 1XPCPDP9X4MD752937 (hereinafter "Peterbilt") westbound on U.S. 54 Highway behind Plaintiff's vehicle.

15. As Plaintiff traveled westbound on U.S. Highway 54, Defendant Habeeb lost control of the Freightliner owned by Defendant Lessor and jackknifed the Freightliner and Trailer owned by Defendant Amazon creating a hazardous obstruction in the roadway.

16. To avoid the hazardous obstruction created by the jackknifed Amazon trailer, Plaintiff pulled to the right shoulder of westbound U.S. Highway 54 and stopped.

17. At that same time and place, Defendant Morton failed to control or stop the Peterbilt he was operating and carelessly, recklessly, and negligently allowed his semi-truck to collide violently with the rear of Plaintiff's vehicle.

18. As a direct and proximate result of the collision caused by Defendants Lessor and Creston's employees or agents, Plaintiff suffered serious permanent injuries as described more fully herein.

## COUNT I – NEGLIGENCE

### Defendants Lessors and Habeeb

19. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20. At the time of the subject incident, Defendant Habeeb was the agent or employee of Defendant Lessors.

21. At the time of the subject incident, Defendant Habeeb was operating the semi-truck during the course and scope of his agency or employ with Defendant Lessors.

22. At the time of the subject incident, Defendant Habeeb's operation of the semi-truck served the business interests of Defendant Lessors according to an express or implied agreement with Defendant Lessors, Inc.

23. Defendant Lessors is vicariously liable for all damages which may be assessed against Defendant Habeeb in this matter.

24. At the time of the subject incident, while utilizing the public roadway, Defendants Lessors and Habeeb owed to Plaintiff a duty to operate the subject semi-truck under their control using the highest degree of care and in a careful, prudent, and lawful manner so as not to injure, maim, or harm Plaintiff or the public.

25. Defendant Lessors breached that duty and was thereby negligent in one or more of the following respects:

   a) Its employee or agent failed to keep a careful lookout;

   b) Its employee or agent drove too fast for conditions and circumstances;

   c) Its employee or agent was following too closely to vehicles on the highway; and

   d) Its employee or agent failed to keep the tractor trailer under control causing the tractor trailer to jackknife or by use of the highest degree of care could have known, that there was a reasonable likelihood of a collision.

26. As a direct and proximate result of the negligent acts and omissions on the part of Defendants Lessors, Inc and Abdullahi Barre Habeen, Plaintiff sustained severe and permanent injuries to his person; he suffered and undergone extensive medical treatment, including multiple injections, physical therapy, an anterior cervical discectomy and fusion; he has suffered and will in the future suffer great bodily pain, shock, loss of sleep and rest, mental worry, embarrassment, anguish and nervousness; he has incurred hospital and medical expenses, and he will in the future incur additional expenses for the treatment and care of his injuries; his ability to work and labor has been impaired; and he has suffered and will in the future suffer a loss of wages and income.

WHEREFORE, Plaintiff prays for judgment against Defendants under Count I for such damages as are fair and reasonable and allowed under the law, for any prejudgment interest as provided by law, for any post-judgment interest as provided by law, for Plaintiff's costs incurred herein and for such others relief as the Court deems just and proper.

## COUNT II

### Defendants Creston and Morton

27. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

28. At the time of the subject incident, Defendant Morton was the agent or employee of Defendant Creston.

29. At the time of the subject incident, Defendant Morton was operating the semi-truck during the course and scope of his agency or employ with Defendant Creston.

30. At the time of the subject incident, Defendant Morton's operation of the semi-truck served the business interests of Defendant Creston according to an express or implied agreement with Defendant Creston.

31. Defendant Creston is vicariously liable for all damages which may be assessed against Defendant Morton in this matter.

32. At the time of the subject incident, while utilizing the public roadway, Defendant Creston and Morton owed to Plaintiff a duty to operate the subject semi-truck under their control using the highest degree of care and in a careful, prudent, and lawful manner so as not to injure, maim, or harm Plaintiff and the public.

33. Defendants Creston breached that duty and was thereby negligent in one or more of the following respects:

   a) Its employee or agent failed to keep a careful lookout;

   b) Its employee or agent drove too fast for conditions and circumstances;

   c) Its employee or agent failed to stop, swerve, or slow and swerve after he knew, or by use of the highest degree of care could have known, that there was a reasonable likelihood of a collision;

    d) Its employee or agent permitted the subject semi-truck to collide with the rear of Plaintiff's vehicle; and

    e) Its employee or agent followed too closely to vehicles on the highway, including Plaintiff's vehicle.

34. As a direct and proximate result of the negligent acts and omissions on the part of Defendants Creston and Morton, Plaintiff sustained severe and permanent injuries to his person; he suffered and undergone extensive medical treatment, including multiple injections, physical therapy, an anterior cervical discectomy and fusion; he has suffered and will in the future suffer great bodily pain, shock, loss of sleep and rest, mental worry, embarrassment, anguish and nervousness; he has incurred hospital and medical expenses, and he will in the future incur additional expenses for the treatment and care of his injuries; his ability to work and labor has been impaired; and he has suffered and will in the future suffer a loss of wages and income.

WHEREFORE, Plaintiff prays for judgment against Defendants under Count II for such damages as are fair and reasonable and allowed under the law, for any prejudgment interest as provided by law, for any post-judgment interest as provided by law, for Plaintiff's costs incurred herein and for such others relief as the Court deems just and proper

**Plaintiff respectfully demands trial by jury on all issues herein.**

Respectfully submitted,

KANSAS CITY ACCIDENT
INJURY ATTORNEYS

*/s/ James E. Brady, III*

James M. Roswold, KS # 16468
James E. Brady, III, KS # 78383
510 Walnut St., Ste. 100
Kansas City, MO  64106
P: (816) 471-5111
F: (816) 359-3163
*james@kcaccidentattorneys.com*
*jim@kcaccidentattorneys.com*
ATTORNEYS FOR PLAINTIFF

8