# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLAN WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CRESTON TRANSPORTATION, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 22-2196-HLT-BGS |

## MEMORANDUM & ORDER GRANTING
## MOTION FOR LEAVE TO FILE AMENDED ANSWER

NOW BEFORE THE COURT is the "Motion for Leave to File Amended Answer" filed by Defendants Creston Transportation and Bryan Morton (hereinafter collectively referred to as "Moving Defendants"). (Doc. 93.) The Moving Defendants seek to amend their Answer to include the fault of a phantom driver identified during the deposition of Defendant Habeeb on February 12, 2024. (*Id.*) After review of the parties' submissions, the Court **GRANTS** Defendants' motion.

## BACKGROUND

Plaintiff Tylan Washington filed this federal court action bringing claims for personal injuries resulting from a motor vehicle accident occurring in Kansas. (Doc. 23.) The matter is before the Court based on diversity jurisdiction. (*Id.*)

Plaintiff alleges that this accident occurred due to the negligent actions of individual Defendant Abdullahi Barre Habeeb who was operating a commercial vehicle owned by Defendant Go Express (hereinafter collectively referred to as "Non-moving Defendants"). (*Id.*) According to Plaintiff, Defendant Habeeb "lost control of the [vehicle] owned by Defendant Go Express and jackknifed the [vehicle] and Trailer creating a hazardous obstruction in the roadway." (*Id.*, at 3.) Plaintiff contends he pulled to the shoulder of the highway and stopped in an effort to avoid the

1

obstruction. (*Id.*) Plaintiff continues that Defendant Morton, who is alleged to have been acting under the control of his employer Defendant Creston Transportation, "failed to control or stop the [vehicle] he was operating and carelessly, recklessly, and negligently allowed his semi-truck to collide violently with the rear of Plaintiff's vehicle." (*Id.*, at 4.) Plaintiff contends that he suffered "serious permanent injuries" as a "direct and proximate result of the collision … ." (*Id.*)

In the present motion, the Moving Defendants Creston and Morton request leave to amend their Answer to compare the fault of the driver of a white pick-up truck who Habeeb testified stopped in front of him, causing the collision at issue. (Doc. 93, at 1.) According to the Moving Defendants, this information was discovered "for the first time in the deposition of Defendant Habeeb, which was taken through a Somali interpreter on February 12, 2024." (*Id.*) The Moving Defendants argue that good cause under F.R.C.P. 16 exists for the amendment, despite the fact that it was filed a year after the Scheduling Order deadline for amendments to the pleadings, "given that the information was not previously available in the accident report, any of the photos or video of the accident or accident scene, the Designations of Comparative Fault filed by the parties, or in any of the parties written discovery responses." (*Id.*, at 1-2.)

## ANALYSIS

**I.     Standards for Motions to Amend.**

Motions to amend pleadings are governed by Fed. R. Civ. P. 15(a), which provides that a pleading may be amended "once as a matter of course no later than … 21 days after serving it … ." Fed. R. Civ. P. 15 (a)(1)(A). Because 21 days has passed, Defendants may amend "only with the opposing party's written consent," which has not been provided herein, "or the court's leave." Fed. R. Civ. P 15(a)(2). Leave of the court "should freely [be] give[n] … when justice so requires."

2

The Scheduling Order in this case included a deadline of March 1, 2023, for motions to amend the pleadings.[1] (Doc. 39-1, at 2, 7.) Because Defendants move to amend past the deadline established in the Scheduling Order, Fed. R. Civ. P. 16(b)(4) is implicated. That Rule provides in relevant part that the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

To establish "good cause," the moving party must "show that the amendment deadline could not have been met even if it had acted with due diligence." *Camp v. Gregory, Inc.*, 12-1083-EFM-KGG, 2013 WL 391172, at *2 (D. Kan. Jan. 30, 2013) (citation omitted). A court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion. *Id.*

Courts in this District employ a two-step analysis applying Rules 15(a) and 16(b) to first determine whether the moving party has established "good cause" for bringing the motion out of time pursuant to Rule 16. If so, a court will then determine whether justice requires the amendment under Rule 15(a). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dept. Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

**A.    Rule 16.**

When applying Rule 16 to a request to amend a pleading, the Court's first inquiry is whether Defendants could have moved to amend by the deadline set forth in the Scheduling Order with due diligence. "The deadlines set by the Court in its Scheduling Orders are not merely aspirational." *Little v. Budd Co., Inc.*, No. 16-4170-DDC-KGG, 2018 LW 276773, at *1 (D. Kan. Jan. 3, 2018).

---

[1] Although the Scheduling Order was revised multiple times, this deadline was never extended. (*See* Docs. 74, 87.)

3

Rather, the orderly, timely and efficient management of litigation by the Court and counsel is important to the administration of justice. *See* Fed. R. Civ. P. 1. Tardy substantive changes to the Scheduling Order can be unfair, and can cause substantial delay and expense. Thus, actions beyond those deadlines are only allowed for good cause. *Little*, 2018 LW 276773, at *1.

In this regard and as noted above, the Moving Defendants contend that this motion was necessitated by information regarding a "phantom vehicle" involved in the accident that was learned by them for the first time during the February 12, 2024, deposition of Defendant Habeeb. (Doc. 93, at 1-2.) Plaintiff's response to the motion makes no attempt to refute this factual averment or this argument generally. The Court thus finds that the Moving Defendants have adequately shown good cause pursuant to Rule 16 for bringing the present motion past the Scheduling Order deadline. The Court's analysis will thus turn to the Rule 15 analysis.

**B.     Rule 15 Factors.**

Although Plaintiff's brief in opposition to the present motion does not reference Fed. R. Civ. P. 15, Plaintiff invokes the rule by arguing that the present motion is "untimely" and prejudices Plaintiff "by including a comparative fault defense for the alleged negligence of 'phantom vehicle' not previously pled." (Doc. 98, at 2.) Plaintiff points out that he was required to disclose his experts on March 5, 2024, which included a report from his accident reconstructionist. (*Id.*, at 1.) According to Plaintiff, allowing the requested amendment would necessitate additional discovery as well as a possible amendment to the report of his accident reconstructionist. (*Id.*) Plaintiff continues that

> if any defendant is entitled to make such an amendment to their answer, it would be defendants Go Express, LLC and Abdullahi Barre Habeeb, not defendants Creston and Morton. Defendants Go Express and Habeeb were the parties whose actions would have been impacted by the alleged negligence of the 'phantom vehicle.'

(*Id.*)

4

The Court is not persuaded by Plaintiff's arguments.  First, as discussed above, the Court has already determined that the Moving Defendants have established good cause for bringing the present motion after the expiration of the amendment deadline.  The Court **overrules** Plaintiff's objection that the motion was filed in an untimely manner.

Plaintiff next raises the issue of undue prejudice.  The Court acknowledges that the proposed amendments may change this litigation for Plaintiff.  That stated, this proposed amendment must not be "viewed in a vacuum that considers only the impact on Plaintiff." *Tran v. County of Douglas*, No. 21-2310, 2022 WL 1102653 (D. Kan. April 13, 2022).

> Litigation is, in and of itself, a prejudicial process.  Virtually any litigation-related position or action by an opposing party has the potential to be prejudicial to other parties.  The issue herein is not whether [the non-moving party] will be prejudiced, but whether the prejudice incurred by [that party] is undue.  Given the nature of [the movants'] claims and the issues in dispute in this lawsuit, the Court finds that the prejudice to [the non-moving party] is not undue, particularly in the context of the importance of [the moving party's] proposed claims.

*Id.*  To the extent Plaintiff contends additional discovery is necessary, the discovery deadline in this case is more than two months away.  Plaintiff's undue prejudice objection is, therefore, **overruled**.

Second, as to the opinions of Plaintiff's accident reconstructionist, it is uncontested that the information regarding the phantom vehicle was divulged at Defendant Habeeb's deposition on February 12, 2024.  The report from Plaintiff's accident reconstructionist was not due until three weeks after the deposition.  Further, the present motion to amend was filed a week *before* Plaintiff's expert deadline.  Plaintiff could have asked for this deadline to be moved in light of the newly discovered information and/or Defendants' motion to amend, but instead chose to merely disclose his expert reports a week after the motion was filed.

The Court is also unpersuaded by Plaintiff's argument that the Moving Defendants are not "the parties whose actions would have been impacted by the alleged negligence of the 'phantom

5

vehicle.'" All Defendants are potentially impacted by the existence of another party with whom their fault, if any, could be compared.

As such, Plaintiff's objections are **overruled** and the Moving Defendants' request to amend their Answer (Doc. 93) is **GRANTED**.

IT IS THEREFORE ORDERED that Defendants' Motion for Leave to File Amended Answer (Doc. 93) is **GRANTED**. The amended pleading shall be filed, the form attached to the motion, on or before March 29, 2024.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of March, 2024.

/s/ Brooks G. Severson
BROOKS G. SEVERSON
United States Magistrate Judge